IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS RAREDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | No. 10-0447-CV-W-JCE-SSA |
| | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This case involves the appeal of the final decision of the Secretary denying plaintiff's application for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401, et seq and his application for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § 1381, et seq. Pursuant to 42 U.S.C. § 405(g), this Court may review the final decision of the Secretary. Pending before the Court at this time are plaintiff's brief and defendant's reply brief in support of the administrative decision.

Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197,

1

229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski. The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they

are inconsistent with the evidence in the record as a whole. Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

## Discussion

After a hearing was held, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2012.

2. The claimant earned $3,111.62 during the taxable year of 2007, and the claimant has admitted working for cash as a cook. Therefore, the evidence of record supports a finding that the claimant has not engaged in substantial gainful activity since March 20, 2007, the alleged onset date. (20 CFR 404.1571 *et seq.,* and 416.971 *et seq.).*

3. The claimant has the following severe impairments: diabetes mellitus; spinal neuropathy; post traumatic stress disorder; depression; and chronic alcohol abuse. The claimant has the following "non-severe" impairment: hypertension, which is controlled without the use of medication. (20 CFR 404.1520 ( c) and 416.920 ( c)).

4. The claimant's impairments, including chronic alcohol abuse disorder, meets §12.09 of 20 CFR Part 404, Subpart P, Appendix 1. (20 CFR 404.1525, 404.1526, 416.925 and 416.926).

5. If the claimant stopped the alcohol abuse, the remaining limitations would cause little impact on the claimant's ability to perform basic work activities. In making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p.

6. The claimant's residual functional capacity consists of the ability to perform light work with an ability to lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; occasional use of the non-dominant left arm and hand; limited contact with the public and co-workers.

7. The claimant would be unable to return to his past relevant work due to his limitations. (20 CFR 404.1565 and 416.965).

8. The claimant was born on October 11, 1955 and was 51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date. (20 CFR 404.1563 and 416.963).

9. The claimant has more than a high school education and is able to communicate in English. (20 CFR 404.1564 and 416.964)

10. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

11. Considering the claimant's age, education, work experience, and residual functional capacity with alcohol abstinence there would be jobs that exist in significant numbers in the regional and/or national economy that the claimant can perform. (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

12. Because the claimant would not be disabled if he stopped alcohol usage, (20 CFR 404.1520(f) and 416.920 (f)), the claimant's alcohol abuse is considered a contributing factor material to the determination of disability. (20 CFR 404.1535 and 416.935). Thus, the claimant has not been disabled within the meaning of the Act at any time from the alleged onset date through the date of this decision.

The defendant framed the issue in his brief as follows:

"An individual is not considered to be disabled. . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." Estes v. Barnhart 275 F.3d 722, 724 (8th Cir. 2002) (quoting 42 U.S.C. § 423(d)(2)( c)). Under both 20 CFR §404.1535 and 20 CFR § 416.935, the relevant inquiry is whether the Commission would still find you disabled if you stopped using drugs or alcohol. See Estes 275 F.3d at 724. In addition, Plaintiff carries the burden of proving his substance abuse is not a contributing factor material to the claimed disability. See id. at 725 (citing Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000)).

Plaintiff was born on October 11, 1955. His primary employment has been working in and managing restaurants. On May 1, 2005, claimant's wife passed away. He was the person required to discontinue her life supports. It was after that event that he began drinking. He describes the drinking as an attempt to self medicate. He has received extensive mental health treatment and has a primary diagnosis of post traumatic stress disorder and major depressive disorder with alcohol dependence. The ALJ noted that claimant was hospitalized for the majority of 2007, and the record reflects that he has been seen by his treating psychiatrist and

other clinicians every two to four weeks since 2007. The only medical opinion of record is from his treating psychiatrist, Dr. Patel. Doctor Patel has been personally involved in claimant's treatment since early in 2008. He has rendered his medical opinion that claimant would suffer from his severe mental disorders, even without the alcohol abuse.

The ALJ attempts to discredit that opinion by highlighting portions of the medical source statement, which suggest that claimant's limitations are not as severe as the medical source statement would indicate. This argument ignores the extensive treatment record, which substantiates the opinion of the treating source. Claimant's treating source is the expert on mental illness and the ALJ erred in discounting his opinion. In answering the relevant inquiry noted above, claimant would still be disabled if he stopped using drugs or alcohol. It was the trauma of his wife's death that led to the illness and the illness led to the alcohol.

For the foregoing reasons, the Court is convinced that there is not substantial evidence in the record as a whole to support the ALJ's decision, and that plaintiff has met his burden of establishing that he suffers from a combination of impairments that render him disabled. Accordingly, the decision of the Secretary should be reversed.

It is hereby

ORDERED that plaintiff's motion for judgment on the pleadings be, and it is hereby, granted. It is further

ORDERED that, pursuant to 42 U.S.C. § 405(g), this matter be remanded to the Commissioner for the calculation and award of benefits.

                                                                                                      /s/ James C. England  
                                                                                                          JAMES C. ENGLAND  
                                                                                    United States Magistrate Judge

Date: May 6, 2011